# EXHIBIT "A"

Jonathan P. Holtz, Esq. - I.D. No. 012422007
BRAMNICK, RODRIGUEZ, GRABAS,
ARNOLD & MANGAN, LLC
1827 East Second Street
Scotch Plains, NJ 07076
Tel.: (908) 322-7000
Fax: (908) 322-6997
Attorney for Plaintiffs

| | |
|---|---|
| DOREEN P. JAY, PATRICIA L. JAY and MARCUS POEHLER,<br><br>Plaintiff(s),<br><br>vs.<br><br>CHRISTOPHER L. VANCE, B & L TRANSPORT, INC., JOHN DOES 1-10 (said names being fictitious) and XYZ CORPORATIONS 1-10 (said names being fictitious),<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT, JURY DEMAND, DEMAND FOR PRODUCTION OF DOCUMENTS, DEMAND FOR ANSWERS TO INTERROGATORIES, AND REQUESTS FOR ADMISSIONS** |

Plaintiffs, DOREEN P. JAY, residing at 44 Patton Drive, Sayreville, NJ 08872, PATRICIA L. JAY, residing at 115 Truman Drive, Edison, NJ 08817, and MARCUS POEHLER, residing at 2316 US Highway 130, Room 249, Dayton, NJ 08810, by way of Complaint against defendants, CHRISTOPHER L. VANCE, B & L TRANSPORT, INC., JOHN DOES 1-10 (said names being fictitious) and XYZ CORPORATIONS 1-10 (said names being fictitious), say:

## FIRST COUNT

1. On or about February 8, 2021, plaintiff, DOREEN P. JAY, was the occupant/operator of a motor vehicle parked on the right shoulder of the New Jersey Turnpike South to North Outer Roadway in the area of Milepost 86.2 in the Township of Edison, County

of Middlesex and State of New Jersey.

2. On or about February 8, 2021, plaintiff, PATRICIA L. JAY, was a passenger in the motor vehicle being operated/occupied by plaintiff, DOREEN P. JAY, parked on the right shoulder of the New Jersey Turnpike South to North Outer Roadway in the area of Milepost 86.2 in the Township of Edison, County of Middlesex and State of New Jersey.

3. On or about February 8, 2021, plaintiff, MARCUS POEHLER, was a pedestrian outside of the motor vehicle being operated by plaintiff, DOREEN P. JAY, changing the vehicle's tire while it was parked on the right shoulder of the New Jersey Turnpike South to North Outer Roadway in the area of Milepost 86.2 in the Township of Edison, County of Middlesex and State of New Jersey.

4. At the above-mentioned time and place, defendant, CHRISTOPHER L. VANCE, who resides at 9192 County Road 192, Fredericksburg, OH 44627, was the operator of a tractor trailer, owned by defendant, B & L TRANSPORT, INC., who is located at 2447 US Route 62, Winesburg, OH 44690, traveling on the New Jersey Turnpike South to North Outer Roadway in the area of Milepost 86.2 in the Township of Edison, County of Middlesex and State of New Jersey.

5. At the above-mentioned time and place, defendants did so negligently own, operate, maintain and/or control their truck so as to cause their truck to collide with plaintiffs' motor vehicle.

6. As a direct and proximate result of the negligence of the defendants as aforesaid, plaintiffs have suffered and will in the future suffer much pain in mind and body, have incurred and will in the future incur expenses for medical care and treatment, have suffered and will in the future suffer economic loss, were unable and will in the future be unable to attend to their usual

and customary activities and were caused to suffer permanent injury.

WHEREFORE, plaintiffs, DOREEN P. JAY, PATRICIA L. JAY and MARCUS POEHLER, demand judgment against defendants, CHRISTOPHER L. VANCE and B & L TRANSPORT, INC., for damages together with interest, counsel fees and costs of suit.

## SECOND COUNT

1. Plaintiffs repeat and reiterate the allegations contained in the previous count of the Complaint as if set forth more fully at length herein.

2. Defendants, JOHN DOES 1-10 (said names being fictitious) and XYZ CORPORATIONS 1-10 (said names being fictitious), negligently owned, operated, maintained and/or controlled their motor vehicle and/or tractor and/or trailer so as aforesaid.

3. As a direct and proximate result of the negligence of the defendants as aforesaid, plaintiffs have suffered and will in the future suffer much pain in mind and body, have incurred and will in the future incur expenses for medical care and treatment, have suffered and will in the future suffer economic loss, were unable and will in the future be unable to attend to their usual and customary activities and were caused to suffer permanent injury.

4. Plaintiffs reserve the right to amend the Complaint to join these potentially culpable parties if discovery should reveal that said parties are in any way responsible for the injuries sustained by plaintiffs.

WHEREFORE, plaintiffs, DOREEN P. JAY, PATRICIA L. JAY and MARCUS POEHLER, demand judgment against defendants, CHRISTOPHER L. VANCE, B & L TRANSPORT, INC., JOHN DOES 1-10 (said names being fictitious) and XYZ CORPORATIONS 1-10 (said names being fictitious), for damages together with interest, counsel fees and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

Jonathan P. Holtz, Esq. is hereby designated as trial counsel pursuant to Court Rule 4:5-1.

## JURY DEMAND

Plaintiffs herein demand trial by jury as to all issues so triable.

DATED: October 11, 2021                     BRAMNICK, RODRIGUEZ, GRABAS,
                                            ARNOLD & MANGAN, LLC
                                            Attorneys for Plaintiffs
                                            *Jonathan P. Holtz*

                                            BY: JONATHAN P. HOLTZ, ESQ.

## DEMAND FOR INSURANCE INFORMATION

Plaintiffs hereby demand that defendant(s) set forth the name of any insurance carrier providing coverage for plaintiffs' injuries, the policy number and the extent of liability limits.

DATED: October 11, 2021                     BRAMNICK, RODRIGUEZ, GRABAS,
                                            ARNOLD & MANGAN, LLC
                                            Attorneys for Plaintiffs
                                            *Jonathan P. Holtz*

                                            BY: JONATHAN P. HOLTZ, ESQ.

## DEMAND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Rule 4:18-1, plaintiffs hereby demand that defendant(s) produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and defendant(s) is/are therefore required to continuously update their responses thereto as new information or documentation comes into evidence.

1. The amounts of any and all insurance coverage covering defendant including but not limited to primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation or reports, including but not limited to police

reports, accident reports, ISO claim searches and/or incident reports, concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplications of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.

6. Copies of any and all documentation, including but not limited safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise related to the incident in question or any potential defense to the action in question.

7. Copies of any and all discovery received from any other parties to the action in question.

8. Copies of all CIB searches and/or any other records demonstrating prior insurance claims submitted by the plaintiff for any matter, including workers' compensation claims, personal injury claims, property damage claims or any other claims for medical treatment or bodily or any and all other insurance claims.

9. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

10. Copies of any and all records of any type subpoenaed by defendant or received from any other source concerning the plaintiff or the incident in question.

11. Any and all videotapes or moving pictures made of plaintiff and/or the subject matter of this accident.

12. Please be advised that the plaintiff hereby objects to the taking of any photographs, x-rays or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of defense examination.

13. The entire file maintained by experts whom plaintiff intends to call at trial, including but not limited to any notes or draft reports, billing statements, x-ray films and/or other studies.

14. Set forth the name, publisher, date of publication and page reference of each test, article standard, manual, policy, procedure, directive book or writing of any kind which your experts relied upon in any way in formulating their opinion in this matter.

15. A copy of any and all statements provided by defendant concerning this accident. This includes copies of any and all statements, whether verbal, written or otherwise, provided to defendant's insurance company or any adjuster acting on behalf of that insurance company, or to any other party. This request is made pursuant to Pfender v. Torres, 336 N.J. Super. 379 (App. Div. 2001).

16. A copy of defendant's cell phone records from the date of the accident, defendant's cell phone number and cell phone service provider as of the date of this accident.

17. All interoffice memoranda between the representative of defendant's insurance carrier or memoranda of defendant's insurance carrier file concerning the manner in which the incident occurred.

18. All interoffice memoranda between the representative of defendant's insurance carrier or memoranda of defendant's insurance carrier's file concerning the injuries sustained by the plaintiff.

19. A copy of any written accident report concerning this incident or occurrence signed by or prepared by defendant's driver, defendant's insurance carrier, or defendant's employer.

20. A complete copy, certified to be true and correct, of defendant, Christopher Vance's, personnel file.

21. A copy of the pre-trip inspection for the vehicle Christopher Vance was operating on February 8, 2021.

22. A copy of the post-inspection of the vehicle defendant, Christopher Vance, operated on February 8, 2021.

23. A copy of any and all statements to B and L Transport's safety director given by defendant, Christopher Vance, regarding the incident herein.

24. A copy of any and all statements about the subject incident herein taken by or obtained by B and L Transport and/or any representative of said company from any person.

25. A copy of any and all statements regarding the incident herein given by any agent, servant, employee or officer of B and L Transport.

26. A copy of the result of any and all investigation reports or documents

regarding the incident herein performed by any and all agents, servants, employees, officers and/or directors of B and L Transport.

27. A copy of all documents that set forth Christopher Vance's work hours, amount of time driven, and amount of time doing any work for the thirty day period preceding and including February 8, 2021.

28. Copies of all accident reports involving the vehicle involved in the incident herein.

29. Complete copy of all written materials, company manuals, company issued rules and regulations, directives or notices in effect at the time of the incident herein, utilized by B and L Transport controlling their operator's work activities, job performance, and delivery of cargo, inclusive of any educational materials in reference to Federal Motor Carrier Safety Regulations given to Christopher Vance by B and L Transport.

30. Any and all B and L Transport directives, bulletins, or written instruments pertaining to day-to-day operating procedures to be followed by Christopher Vance and operators of B and L Transport's vehicles inclusive of any documents relating to the discipline policies or procedures for late deliveries.

31. Copies of all manuals or policies and procedures of B and L Transport for all drivers.

32. All documents required in qualifying Christopher Vance, including but not limited to:

   a) Driver's application for employment, including required twelve items of information;

    b)    All responses of state agencies to B and L Transport's inquiries concerning Christopher Vance's prior driving record;

    c)    All responses of previous employers to B and L Transport's inquiries concerning Christopher Vance's past employment;

    d)    Copies of annual reviews of Christopher Vance's driving record;

    e)    List of Christopher Vance's motor vehicle violations;

    f)    All available documents relating to controlled substance and alcohol testing of Christopher Vance to include pre-employment, random, and post-accident testing.

33. And documents or contracts reflecting any shipper, broker, carrier, or receiver related to the cargo Defendant Christopher Vance was transporting on February 8, 2021.

34. Any digital record of the accident which forms the basis of this Complaint and its aftermath, including, but not limited to dash mounted camera video, cell phone video, any audio recordings, or any photographs.

35. All communications between Defendant Christopher Vance and anyone associated with B and L Transport regarding the accident which forms the basis of this Complaint, as well as communications between individuals associated with B and L Transport, including, but not limited to, emails, text messages, chats, and call logs.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiffs hereby demand that defendant(s) answer Form C and C (1) Interrogatories within the time prescribed by the Court Rules.

## FIRST SET OF REQUESTS FOR ADMISSIONS

**PLEASE TAKE NOTICE** that Plaintiffs hereby demand Defendants admit to the truth of the statements set forth below pursuant to New Jersey Court Rule 4:22-1. Those statements which are not admitted or denied by the time set forth in the Rules of this Court shall be deemed admitted. A denial shall fairly meet the substance of the required admission. If you must qualify the answer or deny only a part of a request for admission, you must specifically set forth so much of each statement as is true and qualify or deny the remainder. We will seek an award of expenses under R. 4:22-1 and R. 4:23-1(c) for noncompliance. We will further seek an award of expenses under R. 4:23-3 for failure to admit.

1. On February 8, 2021, a vehicle being operated by Defendant Christopher Vance impacted a vehicle on the New Jersey Turnpike.

   ADMIT _____   DENY _____

2. On February 8, 2021, a vehicle being operated by Defendant Christopher Vance sideswiped a vehicle on the New Jersey Turnpike.

   ADMIT _____   DENY _____

3. On February 8, 2021, Defendant Christopher Vance told a police officer that he sideswiped a vehicle on the New Jersey Turnpike.

   ADMIT _____   DENY _____

4. Defendant Christopher Vance took one or more photographs of the vehicle he was driving on February 8, 2021.

   ADMIT _____   DENY _____

5. Defendant Christopher Vance gave a recorded statement to an insurance company regarding this February 8, 2021 incident.

ADMIT _____   DENY _____

6. Defendant Christopher Vance gave a statement to his employer regarding this February 8, 2021 incident.

ADMIT _____   DENY _____

7. Defendant B and L Transport took one or more photographs of the vehicle Defendant Christopher Vance was operating after this February 8, 2021 incident.

ADMIT _____   DENY _____

8. Defendant Christopher Vance was given a drug test after this February 8, 2021 incident.

ADMIT _____   DENY _____

9. Defendant Christopher Vance was given an alcohol test after this February 8, 2021 incident.

ADMIT _____   DENY _____

10. Defendant B and L Transport had an excess insurance policy on February 8, 2021 incident.

ADMIT _____   DENY _____

11. On February 8, 2021 Defendant Christopher Vance was covered by an automobile insurance policy other than B and L Transport's policy.

ADMIT _____   DENY _____

12. On February 8, 2021 Defendant Christopher Vance personally owned an automobile.

ADMIT _____   DENY _____

13. On February 8, 2021 Defendant Christopher Vance was the named insured

on an automobile insurance policy other than the B and L Transport's automobile insurance policy.

          ADMIT \_\_\_\_\_      DENY \_\_\_\_\_

14. On February 8, 2021 Defendant Christopher Vance was a listed driver on an automobile insurance policy other than the B and L Transport's policy.

          ADMIT \_\_\_\_\_      DENY \_\_\_\_\_

15. Defendant Christopher Vance was terminated by Defendant B and L Transport as a result of the February 8, 2021 accident.

          ADMIT \_\_\_\_\_      DENY \_\_\_\_\_

## CERTIFICATION

Pursuant to Rule 4:15-1, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated action or arbitration proceeding. This party is not aware of any other parties who should be joined in this action at this time.

I hereby further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

DATED: October 11, 2021                      BRAMNICK, RODRIGUEZ, GRABAS,
                                                    ARNOLD & MANGAN, LLC
                                                    Attorneys for Plaintiffs
                                                    *Jonathan P. Holtz*
                                                    BY: JONATHAN P. HOLTZ, ESQ.

# Civil Case Information Statement

### Case Details: MIDDLESEX | Civil Part Docket# L-005904-21

| | |
|---|---|
| **Case Caption:** JAY DOREEN  VS VANCE CHRISTOPH | **Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD) |
| **Case Initiation Date:** 10/11/2021 | |
| **Attorney Name:** JONATHAN P HOLTZ | **Document Type:** Complaint with Jury Demand |
| **Firm Name:** BRAMNICK RODRIGUEZ GRABAS ARNOLD & MANGAN LLC | **Jury Demand:** YES - 6 JURORS |
| | **Is this a professional malpractice case?** NO |
| **Address:** 1827 E SECOND ST | **Related cases pending:** NO |
| SCOTCH PLAINS NJ 07076 | **If yes, list docket numbers:** |
| **Phone:** 9083227000 | **Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO |
| **Name of Party:** PLAINTIFF : JAY, DOREEN, P | |
| **Name of Defendant's Primary Insurance Company (if known):** NATIONAL INTERSTATE INSURANCE | **Are sexual abuse claims alleged by: DOREEN P JAY?** NO |

**Are sexual abuse claims alleged by: PATRICIA L JAY?** NO

**Are sexual abuse claims alleged by: MARCUS POEHLER?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/11/2021
Dated

/s/ JONATHAN P HOLTZ
Signed

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK      NJ 08903-2633
                                           TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:     OCTOBER 11, 2021
                          RE:       JAY DOREEN  VS VANCE CHRISTOPH
                          DOCKET:   MID L -005904 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JOSEPH REA

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (732) 645-4300 EXT 88373.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                                     ATT: JONATHAN P. HOLTZ
                                     BRAMNICK RODRIGUEZ GRABAS ARNO
                                     1827 E SECOND ST
                                     SCOTCH PLAINS    NJ 07076

ECOURTS
```

# New Jersey Police Crash Investigation Report

☒ Reportable  ☐ Non-Reportable  ☐ Change Report

Page 1 of 3  ☐ Fatal

| Field | Value |
|---|---|
| Case Number | D010-2021-00162A |
| Crash Occurred On | NJTP SNO |
| Dir | N |
| Speed Limit | 6 1 5 |
| Route No. | 8 6 . 2 0 |
| Police Dept of | STATE POLICE  Code 02 |
| At Intersection with | ☐ Feet ☐ Miles ☐N ☐E ☐S ☐W of: |
| Station/Precinct | CRANBURY STATION |
| Date of Crash | 02 08 21 |
| Day of Week | Su (M) Tu W Th F Sa |
| Time (use 2400 hrs.) | 0639 |
| Municipality Code | 1205 |
| Total Killed | — |
| Total Injured | 02 |
| Ramp To/From | — |
| Latitude | 40.23450 |
| Route/Name | — |
| Longitude | -74.23250 |

## Vehicle 1

| Field | Value |
|---|---|
| Veh No | V1 |
| Policy No | CVP2030001-01 |
| Ins Code | 99 |
| Status | ☐ Parked ☐ Ped ☐ Pedalcyclist ☐ Resp to Emergency ☐ Hit & Run |
| Driver's First Name | CHRISTOPHER |
| Initial | L |
| Last Name | VANCE |
| Sex | M |
| Number & Street | 9192 192 HWY |
| City | FREDERICKSBURG |
| State | OH |
| Zip | 44627 |
| Eyes | 02 |
| DL Class | A |
| Restrictions | — |
| Endorsements | — |
| State | OH |
| Driver's License Number | ST067631 |
| DOB | 12/03/87 |
| Expires | 12/24 |
| Owner's First Name | ☒ Same As Driver — B AND L TRANSPORT |
| Number & Street | 2447 RT 62 HWY |
| City | WINESBURG |
| State | OH |
| Zip | 44690 |
| Make | VOLV |
| Model | TR |
| Color | WHI |
| Year | 2020 |
| Plate No. | PWN9364 |
| State | OH |
| VIN | 4V4NC9EH3LN228991 |
| Expires | 04/21 |
| Vehicle Removed To | — |
| Removal | ☒ Driven ☐ Towed Disabled ☐ Towed Disabled & Impounded ☐ Left at Scene ☐ Towed Impounded |
| Authority | ☐ Owner ☒ Driver ☐ Police |
| Alcohol Drug Test | Given: ☒ No ☐ Yes ☐ Refused |
| Type | ☐ Breath ☐ Blood ☐ Urine |
| Results | 0. __ % ☐ Pending |
| Hazardous Material | ☒ None ☐ On Board ☐ Spill  Hazard Class — Placard No. — |
| Carrier No. | ☒ USDOT 463441 ☐ None ☐ MC/MX |
| GVWR | ☐ ≤10,000 lbs ☐ 10,001-26,000 lbs ☒ ≥26,001 lbs |
| Motor Carrier | B AND L TRANSPORT INC |
| Number & Street | 3149 RT 39 HW |
| City | MILLERSBURG |
| State | OH |
| Zip | 44654 |

## Vehicle 2

| Field | Value |
|---|---|
| Veh No | V2 |
| Policy No | 923953528 |
| Ins Code | 134 |
| Status | ☒ Parked ☐ Ped ☐ Pedalcyclist ☐ Resp to Emergency ☐ Hit & Run |
| Driver's First Name | DOREEN |
| Initial | P |
| Last Name | JAY |
| Sex | F |
| Number & Street | 44 PATTON DR |
| City | SAYREVILLE |
| State | NJ |
| Zip | 08872 |
| Eyes | 02 |
| DL Class | D |
| Restrictions | — |
| Endorsements | — |
| State | NJ |
| Driver's License Number | J0952 17677 56602 |
| DOB | 06/28/60 |
| Expires | 06/22 |
| Owner's First Name | ☐ Same As Driver — DOREEN P JAY |
| Number & Street | 44 PATTON DR |
| City | SAYREVILLE |
| State | NJ |
| Zip | 08872 |
| Make | BMW |
| Model | 3S |
| Color | BLK |
| Year | 2008 |
| Plate No. | T76MSF |
| State | NJ |
| VIN | WBAWV53598PF95420 |
| Expires | 08/21 |
| Vehicle Removed To | KING HIGH AUTO BODY AID #41 |
| Removal | ☐ Driven ☐ Towed Disabled ☐ Towed Disabled & Impounded ☐ Left at Scene ☒ Towed Impounded |
| Authority | ☒ Owner ☐ Driver ☐ Police |
| Alcohol Drug Test | Given: ☒ No ☐ Yes ☐ Refused |
| Type | ☐ Breath ☐ Blood ☐ Urine |
| Results | 0. __ % ☐ Pending |
| Hazardous Material | ☒ None ☐ On Board ☐ Spill |
| Carrier No. | ☐ USDOT ☒ None ☐ MC/MX |
| GVWR | ☐ ≤10,000 lbs ☐ 10,001-26,000 lbs ☐ ≥26,001 lbs |

Damage To Other Property: —

| Oper. | 136 Charge | 137 Summons No. | Oper. | 138 Charge | 139 Summons No. |
|---|---|---|---|---|---|
| | | | | | |
| Oper. | 140 Charge | 141 Summons No. | Oper. | 142 Charge | 143 Summons No. |
| | | | | | |

## Occupants

| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Addresses of Occupants - If Deceased, Date & Time of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | V1 | 01 | 01 | 05 | 33 | M | — | — | — | 04 | 04 | — | — | CHRISTOPHER L VANCE  9192 192 HWY, FREDERICKSBURG, OH 44627 |
| B | V2 | 01 | 01 | 02 | 60 | F | 01 | 02 | 2 | 11 | 04 | — | 6102 | DOREEN P JAY  44 PATTON DR, SAYREVILLE, NJ 08872 |
| C | V2 | 03 | 01 | 03 | 34 | F | 06 | 04 | 2 | 11 | 04 | — | 6102 | PATRICIA L JAY  115 TRUMAN DR, APT. 309, EDISON, NJ 08817 |
| D | | | | | | | | | | | | | | |

NJTR-1 (Rev. 01/17)

6330

| New Jersey Police Crash Investigation Report | Case Number D010-2021-00162A | Page 2 of 3 |
|---|---|---|

**145. Crash Description/Narrative**

Driver 1 Stated to the Effect: I was looking at my rear view mirrors when I sideswiped a car.

Driver 2 Stated to the Effect: Driver could not given a statement due to her not remembering what had happened.

Investigation at the Scene: Vehicle 2 was parked on the right shoulder of the South to North Outer Roadway in the area of milepost 86.2 when Vehicle 1 struck its rear end due to Driver 1 failing to maintain his lane. Passenger 1 was outside of the vehicle changing a tire when the collision occurred and was struck in the rear. Vehicle 1 received no visible damage while Vehicle 2 received disabling damage thus resulting in it being removed from the scene via King High Towing. Driver 2 and Passenger 1 sustained moderate injury. Driver 2 struck her head and had visible contusions and Passenger 2 had visible discharge of blood on her back. Both were transported to Robert Wood Hospital for treatment and evaluation. Driver 1 reported no injuries nor were any observed on scene.

Page #1, Box #25: OUT OF STATE OHIO NATIONAL RISK MANAGEMENT SERVICES

NJTR-1A (Rev. 01/17)

| New Jersey Police Crash Investigation Report | Case Number D010-2021-00162A | Page 3 of 3 |
|---|---|---|

144. Crash Diagram

Not To Scale

South to North Outer Roadway
Milepost 86.2
Edison Twp
Middlesex County

Left Ln | Middle Ln | Right Ln | Right Shoulder

V2
P.O.I.
V1

V2

V1

SNO

146. Officer's Signature: TPR. R C WALL

| 147. Badge # | 148. Reviewer | Badge # | 149. Case Status |
|---|---|---|---|
| 8257 | VO | 7057 | ☐ Pending ☒ Complete |

NJTR-1 (Rev. 01/17)